**IN RE: FORD MOTOR CO. SPARK PLUG AND 3–VALVE ENGINE PRODUCTS LIABILITY LITIGATION**

### CASE NO. 1:12–md–2316 (MDL Docket No. 2316)

United States District Court, N.D. Ohio, Eastern Division.

Signed July 30, 2014

## MEMORANDUM OF OPINION AND ORDER

[Resolving ECF No. 45, 46, and 56]

Benita Y. Pearson, United States District Judge

Pending is Plaintiffs' Motion to Strike the Expert Declaration of Paul M. Taylor, Ph.D., P.E. or Exclude Defendant From Introducing His Expert Declaration and Testimony (ECF No. 45). According to Plaintiffs, Dr. Taylor's declaration, testimony, and opinions do not satisfy the standards for admissibility under the Federal Rules of Evidence (including without limitation Rules 702 (Testimony by Expert Witnesses), 703 (Bases of an Expert's Opinion Testimony), and 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons)) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).[1]

Also pending is Plaintiffs' Motion to Strike the Expert Declaration of Christine T. Wood, Ph.D. or Exclude Defendant From Introducing a Portion of Her Expert Declaration and Testimony (ECF No. 46). Pursuant to Rule 702 of the Federal Rules of Evidence and the standards articulated in *Daubert*, Plaintiffs request the Court strike the expert declaration of Dr. Wood or exclude Defendant from introducing a portion of her expert declaration and testimony.

Finally, pending is Defendant's Motion to Strike the Declaration of R. Scott King (ECF No. 56). Defendant moves the Court pursuant to Rules 702 and 401 (Test for Relevant Evidence) of the Federal Rules of Evidence for an order striking the declaration of Plaintiffs' only expert witness, an automotive and mechanical engineer.[2]

---

1. Squire Sanders Sixth Circuit Appellate Blog (Feb. 21, 2014), in discussing the Sixth Circuit's *Daubert* reversals since 2010 notes:

   Over the last four years, the Sixth Circuit has reversed five cases on the basis of the district court's application of *Daubert*, .... In fact, in four consecutive cases, the Sixth Circuit reversed the district court's *exclusion* of expert testimony. [*Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir.2012); *Dilts v. United Group Servs., LLC*, 500 Fed.Appx. 440, 446 (6th Cir. 2012); *Palatka v. Savage Arms, Inc.*, 535 Fed.Appx. 448, 461 (6th Cir.2013); *Food Lion, LLC v. Dean Foods Co. In re Southeastern Milk Antitrust Litig.)*, 739 F.3d 262, 283 (6th Cir.2014).] The only case exhibiting the inverse scenario—reversing the *admission* of expert testimony—is the oldest of the group and is also arguably the most widely discussed: *Tamraz v. Lincoln Elec. Co.*[, 620 F.3d 665, 676 (6th Cir.2010)] (emphasis in original).

2. Defendant does not object to this Court's consideration of King's deposition testimony in connection with Ford's Motion for Summary Judgment (ECF No. 42). "In fact, Ford encourages this Court to consider Mr. King's deposition testimony." ECF No. 56-1 at PageID #: 4380. A copy of his deposition transcript, however, has not yet been filed.

   The parties also now agree that objections based on relevance are not appropriately

The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons provided below, the motions are denied.

## I.

▮ The parties both challenge proposed testimony on the grounds the testimony does not satisfy the requirements for admission of expert testimony under Fed. R.Evid. 702. Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 reflects decisions by the United States Supreme Court in *Daubert, supra,* and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), which establish a district court's role as a gatekeeper to exclude unreliable expert testimony. *See In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 528 (6th Cir.2008) (discussing *Daubert* and *Kumho*). In deciding the admissibility of proposed expert testimony in an antitrust case, the Sixth Circuit in *In re Scrap Metal Antitrust Litig.* identified three requirements in Rule 702. First, the proposed expert must have the requisite qualifications, whether it be through knowledge, skill, experience, training, or education. Second, the proposed testimony must be relevant, which entails the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Finally, the proposed expert testimony must be reliable. *Id.* at 529. Reliability can be assessed in a number of ways. Testimony can be reliable if it is "based on sufficient facts or data," or "the product of reliable principles and methods," which the expert in turn has applied to the facts of the case. Rule 702. Additionally, a district court determining the reliability of proposed expert testimony can consider "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific [or technical] community." *United States v. Langan,* 263 F.3d 613, 621 (6th Cir.2001) (citing *Daubert,* 509 U.S. at 593–94, 113 S.Ct. 2786); *see also Siegel v. Dynamic Cooking Sys., Inc.,* 501 Fed. Appx. 397, 403 (6th Cir.2012) (same). The Sixth Circuit has recognized another common factor: "whether the proposed testimony grows of independent research or if the opinions were developed 'expressly for [ ] purposes of testifying.'" *Siegel,* 501 Fed.Appx. at 403 (quoting *Smelser v. Norfolk S. Ry. Co.,* 105 F.3d 299, 303 (6th Cir.1997) (abrogated on other grounds by *Morales v. American Honda Motor Co., Inc.,* 151 F.3d 500 (6th Cir.1998)).

## II. Paul M. Taylor, Ph.D., P.E.

In both its defenses to Plaintiffs' claims (ECF No. 50 in Case No. 1:12–ds–35000) and Motion for Summary Judgment (ECF No. 42), Defendant argues that no reasonable person would consider a disclosure relating to potential maintenance costs of one component out of thousands on a vehi-

raised in a motion to strike. *See* ECF No. 60 at PageID # 4676 and ECF No. 61 at PageID # 4694–95.

cle to be material to her purchase decision. Rather, she would need information about overall maintenance costs with respect to other vehicles she might have purchased. Otherwise, she would risk buying a different vehicle with spark plugs that were less expensive to replace, but that would actually cost more overall to maintain and repair. *See* ECF No. 42–1 at PageID # : 493. According to Defendant, this position is supported by Dr. Taylor's conclusion that the overall maintenance and repair costs of all of the summary judgment Plaintiffs were substantially less than the projected maintenance and repair costs for other comparable vehicles. *See* ECF No. 42–7 at PageID # : 819.

■ Dr. Taylor has a Ph.D. in Mechanical Engineering. Plaintiffs argue that Dr. Taylor's opinions regarding the general maintenance costs of the subject vehicles and comparators should be excluded because they (1) are unreliable, (2) are not based on any scientific methodology or reliable data, (3) are not relevant to an examination of Plaintiffs' claims, and (4) would be unduly prejudicial, lending a mechanical engineer's imprimatur of approval to unexamined (and un-examinable) third party data from ALLDATA, Edmunds.com True Cost to Own, and CARFAX.[3] According to Plaintiffs, Dr. Taylor's declaration, testimony, and opinions do not include the cost of spark plug replacement in the subject vehicles.

■ Defendant points out that in *Lewis v. Ford Motor Co.*, No. 09–164, 2009 WL 2355744 (W.D.Pa. July 30, 2009), the district court accepted Dr. Taylor's testimony in that potential products liability class action. The *Lewis* court found that Dr. Taylor's expert report provided the court with a source for statistics regarding the percentage of trucks used by businesses as

compared to consumers, as well as "background information which will allow the Court to better understand the technical aspects" of the alleged defect in deciding the question of class certification. *Id.* at *6. *See also Edwards v. Ford Motor Co.*, No. 11–CV–1058–MMA(BLM), 2012 WL 2866424, at *5 and n. 2 (S.D. Cal. June 12, 2012) (finding that "Dr. Taylor is a qualified expert in the field of mechanical engineering with specialized knowledge of automotive engine systems," and citing Dr. Taylor's "uncontested expert testimony" in opposition to plaintiff's motion for class certification).

In performing its "gatekeeper" function under *Daubert, supra*, and *Kumho, supra*, the Court finds that Dr. Taylor's expert opinion regarding repair/maintenance costs and standard labor times is based on his evaluation of vehicle maintenance and repair, vehicle ownership, and the summary judgment Plaintiffs' vehicle experiences associated with the subject vehicles and peer vehicles; consideration of data utilized by automotive maintenance professionals in their business operations, as well as sources cited by federal courts for vehicle-related information; and, from his more than 25 years of experience evaluating issues related to automotive parts and systems and analyzing related data. The Court concludes that, at this time, that Dr. Taylor's expert opinion meets the requirements of Fed.R.Evid. 702.

### III. Christine T. Wood, Ph.D.

■ Defendant also proffers the Expert Declaration of Christine T. Wood, Ph.D. (ECF No. 42–9) in support of its Motion for Summary Judgment.

Dr. Wood is a human factors expert. Ford retained her "to address psychological issues in human attention and informa-

---

**3.** "Experts are permitted a wide latitude in their opinions, including those not based on

firsthand knowledge." *Jahn v. Equine Servs., PSC,* 233 F.3d 382, 388 (6th Cir.2000).

tion processing and to opine whether, had Ford disclosed the information about the alleged defect that the plaintiffs claim was concealed, members of the putative class would have found such information to be material to their purchase or leasing decisions and would have behaved differently and not purchased or leased the vehicles." ECF No. 42–9 at ¶ 7. Dr. Wood has rendered the following four opinions:

1. Only a subset of factors are important or material to most buyers in making a vehicle purchase decision.

2. None of the most cited or highest valued factors, including those considered by the named Plaintiffs at the time of purchase, are related to spark plug replacement costs or even vehicle maintenance costs more generally.

3. Had Ford disclosed the information about spark plugs suggested by Plaintiffs, it would not have been material to the purchase decisions of reasonable buyers such that it would override all of the other influences that shaped their purchase decisions.

4. It is reasonable for Ford not to have disclosed this alleged issue with the spark plugs to potential purchasers.

ECF No. 42–9 at ¶ 34; ECF No. 46–4 at PageID # : 2999.

Plaintiffs argue that the Court should exclude the declaration and any related testimony of Dr. Wood for at least two reasons. First, Dr. Wood is not qualified to render the specific opinions she offers in this case. At a minimum, Dr. Wood's fourth opinion should be stricken for this reason. Second, Dr. Wood has no valid

scientific basis to support her testimony, especially with regard to her third opinion.

Defendant responds that because it does not rely on Dr. Wood's fourth opinion in its Motion for Summary Judgment (ECF No. 42), there is no need for the Court to consider the issue.[4] The Court agrees.

Dr. Wood has testified 75 to 80 times since November 2008. ECF No. 46–4 at PageID # : 2992. Her testimony or a part of it has been excluded in only a few cases. In *Neale v. Volvo Cars of North America, LLC*, No. 2:10–cv–4407 (DMC)(MF), 2013 WL 784962 (D.N.J. March 1, 2013) (ECF No. 62–1), a case where the plaintiffs alleged that the defendant auto manufacturer failed to disclose a known vehicle defect, the district court granted Plaintiffs' Motion to Preclude the Testimony and Expert Report of Defendants' Expert Christine T. Wood, finding that Wood's opinions were not based on a review of facts specific to that case. The *Volvo* court opined that "[Wood's] report regarding the allegations that Volvo concealed material facts about the Class Vehicles is speculative, unreliable, and irrelevant." *Id.* at *2.[5] But, Dr. Wood has been found qualified in other cases. *See, e.g., Edwards,* 2012 WL 2866424, at *9 n. 4 (a putative class action involving an allegedly defective electronic throttle control system in which plaintiffs alleged Ford was liable for failing to disclose the alleged defect at the time of purchase).

·The Court concludes at this time that Dr. Wood possesses more than enough knowledge, skill, experience, training, and education to qualify as an expert in human

---

4. During cross-examination of Dr. Wood at her deposition, Plaintiffs solicited her opinion on this issue that she had not previously discussed in her Declaration (ECF No. 42–9).

5. In February 2014, the court of appeals granted the defendant auto manufacturer's

Petition for Leave to Appeal Pursuant to Fed. R.Civ.P. 23(f). *Neale v. Volvo Cars of North America, LLC*, No. 13–8088 (3rd Cir. Feb. 27, 2014). On March 6, 2014, the case was transferred to the general docket at No. 14–1540. The case has been briefed, but a date for oral argument has not yet been set.

factors. Accordingly, she is qualified to offer her opinions regarding the product disclosure Plaintiffs allege should have been provided. Furthermore, Dr. Wood's first three opinions have a valid evidentiary and scientific basis at this time. In any event, her first and second opinions can properly be considered as a basis for her third opinion.

## IV. R. Scott King

█ The Declaration of R. Scott King (ECF No. 48–62) sets forth multiple expert opinions, including that "[s]park plug breakage during removal is not normal or routine"; that the spark plug removal issues at issue in this case are "the result of a defect wherein unburned hydrocarbons are forced into a gap between the spark plug ground shield and cylinder head"; that owners of Ford vehicles containing the 8 cylinder, 3–valve engines at issue in this case pay more for spark plug replacement than they otherwise would pay if the defect did not exist; that the spark plug replacement costs encountered by Plaintiffs were "significantly greater than what reasonable consumers expect to pay for such a procedure"; and that Ford had knowledge of the defect long before they began marketing the vehicles to the public. ECF No. 48–62 at ¶ 26.

Defendant makes four arguments in its Motion to Strike the Declaration of R. Scott King (ECF No. 56). First, King's regurgitation of Ford documents and Plaintiffs' testimony is inadmissible. Second, King's opinion that the facts are "consistent with" a "defect" is irrelevant. Third, King's opinion that Ford "had knowledge of" spark plug removal issues during development is both unsupported and irrelevant. Finally, there is no factual support for the $105.00 labor component of King's "approximate price ceiling of $265.00 for the replacement of 8 spark plugs."

Fed.R.Evid. 702(a) provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if the expert's technical or "other specialized knowledge" will help the jury understand the evidence or determine a fact in issue. R. Scott King is qualified by knowledge, skill, experience, and training to give reliable opinion testimony about the spark plug removal issues in the case at bar. See Scrap Metal, 527 F.3d at 528–29. King's opinion is relevant because it will assist the jury in deciding the parties' dispute regarding consumer expectations. See id.; V & M Star Steel v. Centimark Corp., 678 F.3d 459, 466–68 (6th Cir.2012) (reversing district court and holding that testimony of steelwork facility owner's expert was admissible).

Finally, the Declaration of R. Scott King (ECF No. 56) has been objected to on relevance grounds; but Fed.R.Evid. 401—deeming evidence relevant if it has "*any* tendency to make a fact more or less probable" (emphasis added)—sets an extremely low bar that the Court concludes has been cleared here. See, e.g., Cambio Health Solutions, LLC v. Reardon, 234 Fed.Appx. 331, 338 (6th Cir.2007) (Rule 401 "set[s] a low bar for relevance.").

## V.

Plaintiffs' Motion to Strike the Expert Declaration of Paul M. Taylor or Exclude Defendant From Introducing His Expert Declaration and Testimony (ECF No. 45) is denied.

Plaintiffs' Motion to Strike the Expert Declaration of Christine T. Wood, Ph.D. or Exclude Defendant From Introducing a Portion of Her Expert Declaration and Testimony (ECF No. 46) is denied.

Defendant's Motion to Strike the Declaration of R. Scott King (ECF No. 56) is denied.

IT IS SO ORDERED.