ELIZABETH A. STAFFORD, United States Magistrate Judge
I. Introduction
Plaintiff Charles Patrick Cratty sues the City of Wyandotte under 42 U.S.C. § 1983, alleging malicious prosecution, abuse of process, conspiracy and conversion. [ECF No. 2]. Before the Court are the City's motion for protective order to bar the deposition of Mayor Joseph Peterson, and Cratty's motion to compel discovery responses. [ECF No. 16, 21]. The Court held a hearing on November 7, 2017. For the reasons stated on the record and below, the Court DENIES the City's motion for protective order and GRANTS IN PART AND DENIES IN PART Cratty's motion to compel and to extend discovery.
II. Analysis
A.
In its motion for protective order, the City sought to preclude the deposition of Mayor Peterson, stating that there was no discovery suggesting that Peterson had relevant factual knowledge about the lawsuit, and that he is privileged from testifying under legislative and deliberate process privileges. [ECF No. 16]. In his response, Cratty noted that he had testified to discussing his case with Mayor Peterson in 2010, and that Peterson told Cratty that he would have cases against him (Cratty) dismissed. [ECF No. 19]. The City replied that it would withdraw its request to bar Mayor Peterson's deposition with respect to his discussions with Cratty, but that Peterson is otherwise entitled to legislative and deliberate process privileges. [ECF No. 22]. The City asks the Court to order that Mayor Peterson's deposition be "confined to topics solely related to his alleged interactions with Plaintiff and the relevant citations, arrests, and prosecutions at issue." [Id. , PageID 444]. This request wrongly presupposes that all topics outside of those specified by the City are protected by a privilege.
Testimonial exclusionary rules and privileges contravene the fundamental principle that the public has a right to every man's evidence. As such, they must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.
Trammel v. United States , 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) (citations, internal quotation marks and ellipses omitted). Not all governmental acts are legislative in nature, and the legislative privilege applies only to actions that bear the hallmarks of traditional legislation, including discretionary policy making. Lilly Inv., LLC v. City of Rochester , No. 14-CV-10712, 2015 WL 753491, at *11-12 (E.D. Mich. Feb. 23, 2015). In the same vein, the deliberative process privilege applies only to documents or testimony that are predecisional and deliberative in nature.
*858 E.E.O.C. v. Burlington N. & Santa Fe Ry. Co. , 621 F.Supp.2d 603, 606 (W.D. Tenn. 2009).
Given the strict construction of these privileges, the Court will not preemptively determine that a privilege protects Mayor Peterson from testifying about matters other than his alleged interactions with Cratty, the relevant citations, arrests or prosecutions at issue. The City may object to testimony that is covered by a privilege. Federal Rule of Civil Procedure 30(c)(2). But the City is warned that it bears the burden of establishing that a privilege applies, Lilly , 2015 WL 753491 at *13, so its attorneys should act with care if they instruct Peterson not to answer a question.[1]
B.
Turning to Cratty's motion to compel, his attorney stated at the hearing that the issues that remained unresolved pertained to: (1) his requests for production of documents with respect to traffic tickets written by specific officers in 2007 and 2008; (2) his deposition questioning of Officer Daniel Torolski's opinion regarding whether having five Wyandotte officers listed as witnesses on a suspended driver's license case was excessive; and (3) his deposition questioning of Officer Michael Sadowski's note-taking during a unrelated firearms arrest in about July 2017. The Court will address each issue in turn below.
1.
Cratty requested that the City produce copies of all "fail to signal turn" tickets issued by Officer T. Scheitz from October 2007 through March 2008, and all "tinted window" tickets issued by Officers Robert Fitzpatrick, Neil Hunter and Jim Kresin in 2007. [ECF No. 21-2, PageID 384-85]. The City responded with boilerplate objections, first stating that each request for vague, overly broad and lacking specificity. [Id. ]. But there is nothing vague or unspecific about these requests, and the City does not explain how they are overly broad.
The City's boilerplate objections next stated that the requests were "not relevant to the subject matter involved in the pending action," were not "likely to lead to discoverable evidence," and had "no tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would without the requested information." [Id. ]. The first and third of these objections are redundant because they both address relevance.[2] And the objections that the requested evidence was not relevant to the "subject matter" and would not "lead to admissible evidence" refer to an outdated version of Federal Rule of Civil Procedure 26(b)(1). See Cole's Wexford Hotel, Inc. v. Highmark Inc. , 209 F.Supp.3d 810, 821 (W.D. Pa. 2016) ("The current and amended version of Rule 26(b)(1), does not contain any reference to the subject matter of the action.");
*859 Fischer v. Forrest , No. 14CIV1304PAEAJP, 2017 WL 773694, at *2 (S.D.N.Y. Feb. 28, 2017) ("reasonably calculated to lead to admissible evidence" language no longer in Rule 26(b)(1), and use of language in objection is improper). The City's reliance on boilerplate objections is improper and could expose it to sanctions. Liguria Foods, Inc. v. Griffith Labs., Inc. , 320 F.R.D. 168, 192 (N.D. Iowa 2017) ("NO MORE WARNINGS. IN THE FUTURE, USING 'BOILERPLATE' OBJECTIONS TO DISCOVERY IN ANY CASE BEFORE ME PLACES COUNSEL AND THEIR CLIENTS AT RISK FOR SUBSTANTIAL SANCTIONS."); Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc. , No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.").
Following the City's outdated and boilerplate objections, it stated in response to each of the relevant requests, "Defendant objects as the City is not required to preserve documentation regarding civil infractions for more than seven (7) years and this request seeks documentation that would outside [sic] the scope of that time period." [ECF No. 21-2, PageID 384-85]. And in response to Cratty's motion to compel, the City argues that requiring it to produce the citations would cause it an undue burden because the requested discovery is not reasonable accessible. [ECF No. 472]. Problematically, the City provided the Court with no evidence regarding the burden or accessibility of the requested tickets.
A party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections. In re Heparin Products Liab. Litig. , 273 F.R.D. 399, 410-11 (N.D. Ohio 2011) ; Bros. Trading Co. v. Goodman Factors , No. 1:14-CV-975, 2016 WL 9781140, at *1 (S.D. Ohio Mar. 2, 2016). And while a party ordinarily is protected from bearing the expense of producing electronically stored evidence that is not reasonable accessible, the City has the burden of actually showing that the information sought is not reasonably accessible. Federal Rule of Civil Procedure 26(b)(2)(B). Here, the City has provided no information whatsoever regarding how the tickets from 2007 and 2008 were stored and what would be required to access them. At the hearing, the attorney for the City asserted that it will soon produce tickets from January 1 through January 2, 2008, but he did not reveal the steps necessary to retrieve those tickets.
Furthermore, the source of the purported seven-year limitation is unknown; under Federal Rule of Civil Procedure 34(a)(1), a party is required to produce evidence within its "possession, custody, or control" without any time-period limitation.
For all of these reasons, the only meaningful objection set forth in response to the request to produce at issue is relevance. The Court's analysis will thus turn to that issue and the remaining proportionality factors.
2.
Under Rule 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" after consideration of several factors, which are identified as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the *860 proposed discovery outweighs its likely benefit."
Cratty argues that the tickets at issue are relevant to the claim in his complaint that the City had "an illegal policy, custom and/or practice in that it permitted violations of the law and Plaintiffs' [sic] rights to occur by its highest policy makers in the City, and engaged in an allowed for retaliation against Plaintiff in violation of the law."[3] [ECF No. 2, PageID 27]. He also argues that the requested tickets are relevant to his claim that the City conspired with others to unlawfully harass, retaliate against, maliciously prosecute and target him. [Id. , PageID 33-34]. At the hearing, Cratty asserted that the requested evidence will show that few, if any, other residents received "tinted window" and "fail to signal turn" tickets during the period at issue, demonstrating that he was singled out for harassment and prosecution. The Court finds that this argument satisfies the "extremely low bar" for demonstrating relevance under Federal Rule of Evidence 401. In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig. , 98 F.Supp.3d 919, 925 (N.D. Ohio 2014) (noting Rule 401 deems relevant evidence if it has "any tendency to make a fact more or less probable") (emphasis supplied in In re Ford ).
Cratty argued at the hearing that the factor relating to the importance of the issues at stake in this action weighs in his favor because it is very important to protect the constitutional rights of citizens. Generally, an action to vindicate a citizen's civil rights is considered of high importance. Hon. Elizabeth D. Laporte, Jonathan M. Redgrave, A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26 , 9 Fed. Cts. L. Rev. 19, 61 (2015) (fact that claim is subject to fee shifting provision of 42 U.S.C. § 1988 is "a strong indication of the importance of the public policy implications of the case."). See also Hurt v. Vantlin , No. 3:14-CV-92-JMS-WGH, 2016 WL 320149, at *2 (S.D. Ind. Jan. 27, 2016) (importance of issues at stake high in civil rights action in which plaintiff was wrongfully arrested, interrogated and prosecuted for murder Plaintiffs after an alleged wrongful arrest, interrogation, and prosecuted for murder). This factor weighs in Cratty's favor.
With respect to the second factor-the amount in controversy-Cratty has demanded an amount in excess of $75,000. [ECF No. 2, PageID 35]. That is the minimum jurisdiction amount for an action in federal court based upon the diversity of citizenship of the parties, 28 U.S.C. § 1332(a), but the relatively low amount in controversy is not determinative when an important legal right is implicated. Laporte, 9 Fed. Cts. L. Rev. at 60-61.
The next two factors are the parties' relative access to relevant information and their resources. There is no dispute that the City has greater access to the tickets at issue, and has greater resources than Cratty. And at the hearing, Cratty argued that the factor of the importance of the discovery in resolving the issues weighs in his favor because, if the City issued a substantial number of tinted window and turn signal tickets, his case will be weak; if it issued few or none, his case would be strengthened. The City argued in response that tickets issued to other residents is *861 irrelevant to whether Cratty's rights were violated. The Court finds that Cratty's argument on this issue is stronger, as the lack of tickets similar to those served on Cratty could support his claim that he was targeted by the City's officers.
The last factor is whether the burden or expense of the proposed discovery outweighs its likely benefit. "[A] responding party still must meet its burden of explaining how costly or time-consuming responding to a set of discovery requests will be, because that information is ordinarily better known to the responder than the requester." State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC , 255 F.Supp.3d 700, 705 (E.D. Mich. 2017), aff'd , 2017 WL 3116261 (E.D. Mich. July 21, 2017). See also Rule 26 advisory committee notes (2015) ("A party claiming undue burden or expense ordinarily has far better information-perhaps the only information-with respect to that part of the determination."). As noted, the City has made no showing of the burden of producing the tickets.
After considering the Rule 26(b)(1) factors, the Court finds that the requested tickets from 2007 and 2008 are discoverable. However, because the City has not disclosed whether it will be able to produce copies of those tickets, the City will be provided with two options: the City must produce either (1) the requested tickets, or (2) other evidence sufficient to show the date of each ticket, to whom each ticket was written, who wrote the tickets, and the ticket number and/or docket number for each ticket.
3.
Cratty next moves to compel answers to deposition questions that defense counsel ordered Officers Torolski and Sadowski not to answer. As an initial matter, the Court takes issue with defense counsel's instruction that witnesses not answer questions based upon grounds of relevance; the only basis upon which a witness may be instructed not to answer is privilege. Rule 30(c)(2). Nonetheless, the City will be ordered to produce only Officer Torolski for a continued deposition.
Cratty's counsel asked Officer Torolski to render an opinion regarding whether having five officers on a driving while license suspended case was excessive. [ECF No. 21-5, PageID 400-01]. Counsel for the City objected: "He's not giving opinion testimony today, sir. Don't answer the question." [Id. , PageID 401]. In response to Cratty's motion to compel, the City argues that Officer Torolski's opinion is not relevant to the issues at hand, and that the foundation for his opinion has not be established under Federal Rule of Evidence 701. Rule 701 requires that a witness's lay opinion be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." As a trained police officer with specialized knowledge of law enforcement practices particularly within the City of Wyandotte, Federal Rule of Evidence 702 is likely more applicable. That rule allows a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise" if the testimony meets foundational requirements described in the rule. Regardless of which rule would apply, should Cratty seek to admit Officer Torolski's opinion into evidence at trial, information within the scope of discovery "need not be admissible in evidence to be discoverable." Rule 26(b)(1). The analysis required at this juncture is under Rule 26(b)(1), not under Rules 701 or 702.
*862 Evidence that an unusual number of officers were involved in issuing a ticket to Cratty is relevant to the question regarding whether he was targeted. The analysis of the Rule 26(b)(1) factors of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the parties' resources is the same as stated above. The importance of Officer Torolski's opinion in resolving the issues in unclear, but the City has asserted no burden from him offering his opinion. The instruction from counsel for the City that Officer Torolski not testify as to his opinion was patently erroneous, and the City is ordered to produce the officer to address that question.
On the other hand, the Court will not order the City to produce Officer Sadowski for a continued deposition. The City's attorney ordered Officer Sadowski not to answer questions regarding handwritten notes that the officer took in firearms arrest a month prior to the deposition; Cratty was not the subject of this arrest. [ECF No. 21-6, PageID 409-12]. The City's attorney objected that the firearms arrest in 2017 was irrelevant to Cratty's arrest in 2008, and that the prosecution related to the 2017 arrest may still be pending. [Id. , PageID 412]. At the hearing, Cratty argued that he needed to understand Officer Sadowski's recordkeeping processes and compare it to the note-taking in his case. But during the deposition, the City's attorney asserted that Officer Sadowski was not the reporting officer during Cratty's 2008 arrest. [ECF No. 21-6, PageID 410]. Despite the Court's warning to defense counsel that it should not order witnesses not to answer questions except with respect to issues of privilege,[4] any testimony regarding Officer Sadowski's note-taking on the firearms case in 2017 is too far afield for an order requiring him to answer.
C.
The last issue is whether discovery should be extended. For the reasons stated on the record, and with defense counsel concurring during the hearing, the Court will extend discovery until December 8, 2017, for the limited purposes of:
• Taking the depositions of Mayor Peterson, Officers Reed and Kresin, and the continuing deposition for Officer Torolski (whose deposition will be limited to answering the opinion question described above);
• The City producing the requested tickets from 2007 and 2008, or other evidence sufficient to show the date of each ticket, to whom each ticket was written, who wrote the tickets, and the ticket number and/or docket number for each ticket, no later than November 28, 2017 ; and,
• Completing any discovery that has already been served.
No other discovery is allowed.
The production of the tickets must take place before the specified depositions. During the hearing, the parties stated that they intend to complete those deposition during the first week of December. If the City cannot accommodate that and requires that the depositions take place earlier, *863 it must produce the tickets at least one week before any of the depositions.
The parties are warned that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order. See E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").
IT IS SO ORDERED.

In his response to the motion for protective order, Cratty moved for attorney's fees and costs under 28 U.S.C. § 1927. [ECF No. 19, PageID 128-35]. Under Eastern District of Michigan's Electronic Filing Policies and Procedures Rule 5(e), "a response or reply to a motion must not be combined with a counter-motion." The Court therefore did not consider Cratty's motion to attorney's fees. At any rate, the City's motion to preclude Mayor Peterson's deposition did not amount to an intentional or reckless abuse of the judicial process so as to warrant § 1927 sanctions. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater , 465 F.3d 642, 646 (6th Cir. 2006).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401.

The City argues that Cratty has not sufficiently pleaded that it had a custom or policy that was the moving force behind any constitutional violations. But the Court's determination here is not whether Cratty's claim has merit. That issue will be addressed by United States District Judge Gershwin A. Drain when he resolves the City's motion for summary judgment. [ECF No. 20].

In response to Cratty's motion to compel, the City asserted that the notes in the firearms case were covered by work-product privilege under Rule 26(b)(3). The Court questions the applicability of Rule 26(b)(3) to Officer Sadowski's notes for a number of reasons, including that he is not a party to this case. "To claim work product privilege, a number of cases have held that the party resisting production must be a party to the case." Patrick v. City of Chicago , 111 F.Supp.3d 909, 916 (N.D. Ill. 2015).